IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOT POWER CONTROL, S.L., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-1304-MN |
| | ) |
| LG ELECTRONICS INC. and LG | ) |
| ELECTRONICS U.S.A., INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this **23rd** day of **April, 2024**, the court having considered the parties' discovery dispute letter submissions (D.I. 150; D.I. 151; D.I. 152; D.I. 153), IT IS ORDERED that Defendants' motion to compel is GRANTED-IN-PART and Plaintiff's motion to compel is DENIED without prejudice as follows:

**DEFENDANTS' ISSUES**

**1. Defendants' motion to compel Plaintiff to produce communications regarding valuations is GRANTED-IN-PART.** Following the deposition of Plaintiff's 30(b)(6) designee, Plaintiff agreed to search for and produce certain valuations that were discussed during the deposition. (D.I. 150 at 1, Exs. 2-3; D.I. 150 at 1, Ex. C) Defendants' motion is GRANTED to the extent that Plaintiff agreed to produce valuation documents discussed during the deposition. (*Id.*, Ex. 5 at 1) The remaining dispute is whether Plaintiff should be compelled to produce communications regarding the valuations.

**2.** Defendants' motion to compel production of the communications is DENIED without prejudice because they have not shown how the requested production would be proportional to the needs of the case and noncumulative of the actual valuations which were

already produced. Fed. R. Civ. P. 26(b)(1) & (b)(2). Defendants have not identified any information missing from the produced valuations or the 30(b)(6) testimony that is likely to be found in the associated communications. *See Cropper v. Stanley Black & Decker, Inc.*, 2022 WL 11471100, at *3 (E.D. Pa. Oct. 20, 2022) (explaining that "proportionality concerns outweigh[ed] the probative benefit of the sought-after" discovery because it was requested on the eve of the fact discovery deadline, and the plaintiff had already taken extensive discovery on the subject).

       **3.** Defendants suggest that any burden would be minimal because the scope of the requested communications is narrowly limited to the valuations discussed during the 30(b)(6) deposition. (D.I. 150 at 1) But there is no indication that Defendants have proposed search terms or a reasonable number of custodians that would facilitate the location of responsive communications. Even if the scope of the search and review is limited, the burden and expense of a search for communications at this stage, after the close of fact discovery, outweighs the likely benefit of the production.

       **4.** To the extent that Defendants seek email communications regarding the valuations, they have not identified any applicable discovery request that encompasses such communications. (D.I. 152, Ex. C at 1) Defendants requested "[a]ll Documents related to valuation of the Asserted Patents" during discovery, and Plaintiff agreed to produce responsive documents "excluding email" in its response served ten months ago in June of 2023. (D.I. 150, Ex. 1 at 49) Defendants do not explain how the 30(b)(6) testimony on certain valuations and the subsequent production of those valuations open the door to email correspondence at this stage of the case, following the close of fact discovery on April 1.

5. **Defendants' motion to compel the depositions of witnesses represented by Plaintiff's counsel is DENIED without prejudice.** There is no dispute that the five witnesses Defendants seek to depose (Lucía Rey, Javier Fernández, José Hernando Rabanos, Luis Mendo Tomas, and Isabel Pérez) are non-party foreign nationals who have not consented to be deposed. (D.I. 150 at 2; D.I. 152 at 2) "A federal district court has only limited authority to order depositions in foreign lands." *Injective Labs Inc. v. Xin Wang*, C.A. No. 22-943-WCB, 2024 WL 1486050, at *2 (D. Del. Apr. 5, 2024). Here, Defendants have properly pursued the requested relief by filing motions for issuance of a letter of request for international judicial assistance under the Hague Convention. (D.I. 136; D.I. 137) The motions will be addressed following the completion of briefing.

6. Defendants argue that the depositions of inventors Hernando and Mendo should nonetheless be compelled in the United States because they executed inventors' assignment agreements obligating them to testify in legal proceedings involving the patents. (D.I. 150 at 2) But the assignment agreements were executed between the inventors and non-party T.O.P. Optimized Technologies, S.L. (*Id.*, Exs. 9-10) Defendants cite no authority explaining how Plaintiff may enforce the terms of an assignment agreement to which it was not a party. *Cf. Aerocrine AB v. Apieron Inc.*, 267 F.R.D. 105, 111-12 (D. Del. 2010) (granting motion to compel non-party inventors to appear for deposition in the United States where they were parties to an assignment agreement with the plaintiff that specifically contemplated the provision of testimony in the United States to enforce patent rights); *Amgen, Inc. v. Ariad Pharms. Inc.*, C.A. No. 06-259-MPT, 2007 WL 1425854, at *2-3 (D. Del. May 14, 2007) (compelling the defendant to produce the foreign-based inventors for deposition in the U.S. based on terms of assignment agreement between the defendant and the inventors).

7. Defendants further allege that they were misled by Plaintiff's initial disclosures, which identified each of the five witnesses at issue as having relevant information and listed Plaintiff's counsel as the proper contact for the witnesses. (D.I. 150 at 2) But the initial disclosures explain that Plaintiff does not consent to communication by Defendants with Plaintiff's former employees and, accordingly, "[a]ll individuals listed below whose contact information states 'Hausfeld' are employees or former employees of TOT who should be contacted through TOT's undersigned attorneys." (*Id.*, Ex. 6 at 2-3) Plaintiff did not represent that former employees would voluntarily testify at a deposition.

8. Defendants' fee shifting request under Federal Rule of Civil Procedure 37 as it relates to this motion to compel is also DENIED. (D.I. 150 at 4); *see* Fed. R. Civ. P. 37(a)(5) (permitting fee shifting if a discovery motion is granted).

9. **Defendants' motion to compel the production of communications with Plaintiff's witnesses is DENIED without prejudice.** Defendants move to compel Plaintiff to produce communications between Plaintiff or Plaintiff's counsel and the five witnesses discussed *supra*: Lucía Rey, Javier Fernández, José Hernando Rabanos, Luis Mendo Tomas, and Isabel Pérez. (D.I. 150 at 3) Defendants cite generally to their requests for production without identifying a specific request by number which is directed to the information sought in the motion to compel. (*Id.*, Ex. 1) Moreover, Defendants have not met their burden to show how this discovery is relevant to a claim or defense and proportional to the needs of the case. *See TexasLDPC Inc. v. Broadcom Inc.*, C.A. No. 18-1966-SB, 2022 WL 19406187, at *1 (D. Del. June 30, 2022) ("When a party objects to discovery requests, the burden falls on the party seeking the discovery to show the relevance of the information requested."); *see* Fed. R. Civ. P. 26(b)(1). Because Defendants have failed to meet their threshold burden to establish the

4

relevance of the discovery, the court need not reach Defendants' arguments made in anticipation of Plaintiff's privilege assertions.

**10. Defendants' motion to compel Plaintiff to produce a 30(b)(6) witness on Topics 7, 11, 13, 18, 39, 41, and 42 is DENIED without prejudice.[1]** Defendants' motion is DENIED with respect to Topics 7 and 18. Plaintiff's responses to the deposition notice confirm that Plaintiff never designated a 30(b)(6) witness to testify on these topics. (D.I. 150, Ex. 11 at 11, 18) Topic 7 is a contention deposition topic, which is disfavored in this district. (*Id.*; D.I. 152, Exs. J-M) Topic 18 seeks testimony on litigation funding arrangements. (D.I. 150, Ex. 11 at 18) There is no "blanket rule" in this district that discovery on litigation funding is always relevant and proportional. (D.I. 152, Ex. E at 57:22-58:18) In *Cirba Inc. v. VMWare, Inc.*, C.A. No. 19-742-GBW, the court determined that "evidence about Plaintiff's investors and litigation funding is admissible because [it is] relevant to the value of the asserted patents." (D.I. 150, Ex. 16 at 3) Here, however, Plaintiff has already produced discovery on the valuation of the patents. (*See, e.g.*, D.I. 152, Ex. E at 57:10-21)

**11.** Plaintiff initially agreed to designate a witness on the remaining challenged topics in its responses and objections to the deposition notice. (D.I. 150, Ex. 11) Plaintiff advised Defendants that it would not produce a 30(b)(6) witness in response to topics 11,[2] 13, 39, 41, and 42 for the first time on March 19, 2024, three days before the 30(b)(6) deposition was to be taken. (*Id.*, Ex. 12) However, Plaintiff's response to the deposition notice, which was served on

---

[1] As noted by Plaintiff, the topics identified in Defendants' letter submission differ from those listed in their proposed order. (D.I. 152 at 4 n.5) The court's analysis is directed to the topics identified in the body of the letter, for which Defendants have provided substantive discussion.
[2] In their discovery dispute letter submission, Defendants propose modifying the language of Topic 11 to remove the "claimed or" language. (D.I. 150 at 4) There is no indication that Defendants made this proposal during the meet and confer held on March 20, 2024, or during the meet and confers prior to raising this dispute before the court.

February 26, 2024, objected to these topics "to the extent [they] seek[ ] or presuppose[ ] a legal conclusion."[3] (*Id.*, Ex. 11 at 13-14, 31-33) These topics seek the factual and/or legal basis for Plaintiff's position on infringement and/or validity. (*Id.*) Defendants' motion to compel 30(b)(6) testimony on these topics is DENIED without prejudice because contention deposition topics directed to a corporate designee are disfavored in this district. (D.I. 152, Exs. J-M)

**12.** Any efforts by Defendants to renew their motion to compel depositions on any of these topics should be made only after the parties have met and conferred. Defendants should be prepared to substantively respond to Plaintiff's position that these topics are contention deposition topics which are disfavored in this district. Defendants should also identify with specificity the topics that seek factual information and confirm that the factual information was not already obtained through other fact discovery mechanisms. Defendants must also specify the anticipated length and timing of any further depositions.

**13.** Defendants' fee shifting request under Federal Rule of Civil Procedure 37 as it relates to this motion to compel is also DENIED. (D.I. 150 at 4); *see* Fed. R. Civ. P. 37(a)(5) (permitting fee shifting if a discovery motion is granted).

## PLAINTIFF'S ISSUES

**14. Plaintiff's motion to compel Defendants to produce a version of LG_00069860 and LG_00194575 that contains financial information regarding LGE Inc.'s sales of accused products in the U.S. is DENIED without prejudice.** Plaintiff argues that the financial information produced by Defendants only reflects information for LG Electronics U.S.A., Inc.

---

[3] Plaintiff's objection to Topic 13 did not include language alleging that the topic sought or presupposed a legal conclusion. (D.I. 150, Ex. 11 at 15) However, Topic 13 seeks testimony on "[t]he incorporation or presence of any pre-existing or third-party technology in Asserted Patents," which potentially bears on the legal questions of validity and claim construction.

6

("LGE USA") and excludes financial information for LG Electronics, Inc. ("LGE Inc."). (D.I. 151 at 1-2) Defendants respond that they already produced the requested financial information on February 2, 2023 and supplemented the production on February 20, 2024, serving spreadsheets that reflected consolidated data showing actual profits, profit margins, income, revenue, and costs for both LGE USA and LGE Inc. (D.I. 153 at 1-2) Defendants will not be required to produce documents already produced. *See Corteva Agriscience LLC v. Monsanto Co.*, C.A. No. 22-1046-GBW, 2023 WL 6880348, at *1 (D. Del. Oct. 18, 2023) (denying motion to compel discovery based on a showing that the discovery was already produced).

15. Plaintiff specifically seeks sales data for units sold in the United States by an entity other than LGE USA. (D.I. 151 at 1) In a footnote, Defendants respond that LGE USA "is the only entity that imports the accused products into the United States," even when those products are later sold by Amazon, Verizon, or another seller. (D.I. 153 at 1 n.1) Defendants do not cite to any evidence of record to verify this representation, nor do they indicate whether this information was conveyed to Plaintiff during the meet and confer process. If Plaintiff elects to renew its motion to compel on this subject, the parties shall first meet and confer, and Defendants shall provide supporting evidence to verify their representations.

16. Plaintiff also expresses concern that the profit information included in the spreadsheets is based on the transfer price arranged between LGE Inc. and LGE USA, which is not reflective of the actual profit Defendants receive from sales of the accused products in the United States. (D.I. 151 at 2) In their responsive letter submission, Defendants confirm that "[n]one of the data on the produced spreadsheet includes transfer prices or rel[ies] on transfer prices[,]" and it instead reflects "the true and actual profits, profit margins, income, revenue, and costs" without manipulation through the use of intercompany transfer prices. (D.I. 153 at 2)

7

**17. Plaintiff's motion to compel Defendants to produce all transfer pricing agreements relating to the sales of accused products between LGE Inc. and LGEUS is DENIED without prejudice.** Plaintiff requests the production of transfer pricing agreements regarding the sales of accused products between LGE Inc. and LGE USA, arguing that production of these agreements is necessary for Plaintiff to accurately calculate the profit each Defendant made from sales of the accused products in the United States. (D.I. 151 at 3-4) According to Plaintiff, this request is responsive to Request for Production Nos. 10, 78, 86, and 99. (D.I. 151, Ex. 1; Ex. 2; Ex. 3 at 9) But none of these requests expressly or implicitly encompasses transfer pricing agreements. Plaintiff's delay in requesting the production of transfer pricing agreements via email on March 1, 2024, years and months after the discovery requests were served, further supports a conclusion that these requests for production did not contemplate the production of transfer pricing agreements at the time they were served. (D.I. 151 at 4) Plaintiff's reliance on *C.R. Bard, Inc. v. Medical Components, Inc.* is not persuasive because the court in that case compelled the plaintiff to produce transfer pricing agreements in response to a request for production that expressly sought intercompany sales and transfer pricing. (D.I. 153, Ex. 5 at 3); 2021 WL 2872757, at *3 (D. Utah Mar. 17, 2021).

18. Plaintiff has also failed to establish how the requested transfer pricing agreements are relevant and proportional to the needs of the case. Plaintiff's arguments on relevance rest on the assumption that the financial spreadsheets produced by Defendants are based on intercompany transfer prices. (D.I. 151 at 3) ("Without the transfer pricing agreements, TOT cannot determine whether the financial information produced for LGEUS shows artificially deflated profits . . . because large profits attributable to LGEUS's U.S. sales have been transferred to LG Inc. via the pricing terms set in the transfer pricing agreements."). As

explained at ¶¶ 14 and 16, *supra*, Defendants represent that the financial data produced in this litigation is not based on transfer pricing.

    **19. Conclusion.** For the foregoing reasons, IT IS ORDERED that:

- Defendants' motion to compel Plaintiff to produce communications regarding valuations is GRANTED-IN-PART. The motion is GRANTED to the extent that Plaintiff agreed to produce valuation documents discussed during the 30(b)(6) deposition. The motion is DENIED without prejudice as to the production of communications relating to valuations.

- Defendants' motion to compel the depositions of witnesses represented by Plaintiff's counsel is DENIED without prejudice.

- Defendants' motion to compel the production of communications with Plaintiff's witnesses is DENIED without prejudice.

- Defendants' motion to compel Plaintiff to produce a 30(b)(6) witness on Topics 7, 11, 13, 18, 39, 41, and 42 is DENIED without prejudice.

- Defendants' fee shifting requests under Federal Rule of Civil Procedure 37 are DENIED.

- Plaintiff's motion to compel Defendants to produce a version of LG_00069860 and LG_00194575 that contains financial information regarding LGE Inc.'s sales of accused products in the U.S. is DENIED without prejudice.

- Plaintiff's motion to compel Defendants to produce all transfer pricing agreements relating to the sales of accused products between LGE Inc. and LGEUS is DENIED without prejudice.

    IT IS FURTHER ORDERED that the discovery dispute teleconference scheduled for April 23, 2024 at 11:00 a.m. is CANCELLED.

20. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **April 30, 2024**, for review by the court, along with a motion supported by a declaration. Any argument that portions of the Memorandum Order should be sealed must be supported by "a particularized showing of the need for continued secrecy" sufficient to overcome the strong presumption of public access to court records. *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672, 675 n.10 (3d Cir. 2019) (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

21. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

22. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge