# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TOT POWER CONTROL, S.L., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | C.A. No. 21-cv-1302-MN <br><br> **JURY TRIAL DEMANDED** |
| TOT POWER CONTROL, S.L., <br><br> Plaintiff, <br><br> v. <br><br> LG ELECTRONICS, INC. and LG ELECTRONICS U.S.A., INC., <br><br> Defendants. | C.A. No. 21-cv-1304-MN <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS LG ELECTRONICS, INC. AND LG ELECTRONICS U.S.A., INC.'S AND APPLE INC.'S RENEWED MOTION FOR ISSUANCE OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)**

Plaintiff has reviewed Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc.'s and Apple Inc.'s Renewed Motion for Issuance of a Letter of Request for International Judicial Assistance (Letter Rogatory) and submits this opposition to correct a misrepresentation by Defendants and request modifications to Defendants' proposed Letter of Request and topics.

The cites herein to the proposed Letter of Request are to that filed in *TOT Power Control, S.L. v. Apple Inc.*, Case No. 1:21-cv-01302-MN at D.I. 247-1. The same comments apply to the proposed Letter of Request filed in *TOT Power Control, S.L. v. S.L. v. LG Electronics, Inc. et al*, Case No. 1:21-cv-01304-MN at D.I. 198-1.

First, Defendants' proposed Topic 1 goes beyond the Court's ruling. The Court ruled that a limited deposition of ▮ would be permitted on "the advantages of using the inventions" and "the meaning of terms within the industry at the time of the filing of the applications that resulted in the Asserted Patents." Defendants' Topic 1 is "[t]he subject matter of the inventions disclosed in U.S. Patent No. 7,532,865 and U.S. Patent No. 7,496,376 (the "Asserted Patents") or any related patents." The Court already ruled that questioning on this topic would not be permitted. *See TOT Power Control, S.L. v. S.L. v. LG Electronics, Inc. et al,* Case No. 1:21-cv-01304-MN at D.I. 184 at 7. TOT requests that Topic 1 be removed from the proposed Letter of Request.

Second, in the proposed Letter of Request Defendants represent that TOT's counsel "refused to provide [▮] home address." D.I. 247-1 at 3 (Section 5). This is not true. TOT does not have ▮ home address, and informed Defendants' counsel of this fact. *See* Exhibit A (attached hereto). TOT asks that this misstatement be removed from the proposed Letter of Request.

Third, in the proposed Letter of Request Defendants ask that Defendants' counsel—but not TOT's counsel—be contacted with any information relating to the execution of the letter of request. D.I. 247-1 at 5 (Section 9). TOT asks that the following modification be made so that TOT's counsel is also updated about the status of the letter of request (in bold/underline): "The Court also requests that United States counsel for LGE and Apple **and TOT** identified above in § 6 be contacted with any information relating to the execution of this Letter of Request[.]"

Fourth, the proposed Letter of Request references document productions from ▮ ▮ which is improper because the Court only ordered deposition testimony from ▮

2

and Defendants never sought documents, only testimony. As such, TOT requests that the following references (in bold/underline) be removed from the proposed Letter of Request:

- "The Court also requests … **and that any documents produced in response to this Letter of Request be transmitted to United States counsel for LGE and Apple identified above in § 6 pursuant to the General Data Protection Regulation ("GDPR") adopted by Spain.**" D.I. 247-1 at 5 (Section 9) (footnote 1 citing GDPR should also be removed).

- "As such, there is a protective order in the Proceedings to protect the confidentiality **of any documents produced and** of any responses to questions." D.I. 247-1 at 6 (Section 9).

- "The **documents and** testimony would normally be subject to a subpoena …" D.I. 247-1 at 7 (Conclusion).

For the Court's convenience, TOT attaches a proposed revised Letter of Request in redline (Exhibit B) and clean copy (Exhibit C).

Dated: May 23, 2024

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Denise M. De Mory (admitted *pro hac vice*)
M. Elizabeth Day (admitted *pro hac vice*)
Corey Johanningmeier (admitted *pro hac vice*)
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Tel.: (650) 351-7248
Fax: (415) 426-4744
ddemory@bdiplaw.com
eday@bdiplaw.com
cjohanningmeier@bdiplaw.com

Walter D. Kelley, Jr. (admitted *pro hac vice*)
Brian Ratner (admitted *pro hac vice*)
Tara R. Zurawski (admitted *pro hac vice*)
HAUSFELD LLP
888 16th Street, NW
Suite 300
Washington, DC 20006
Tel: (202) 540-7157
Fax: (202) 540-7201
wkelley@hausfeld.com
bratner@hausfeld.com
tzurawski@hausfeld.com

Bruce J. Wecker (admitted *pro hac vice*)
HAUSFELD LLP
600 Montgomery Street
Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1907
bwecker@hausfeld.com

*Attorneys for Plaintiff TOT Power Control, S.L.*